# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT
### Docket No. 13-2171

MARIA S. KIRALY                    District Court Docket No.
                                   8:11-cv-02845-DKC

      Plaintiff - Appellant

v.

AMERICAN FEDERATION OF STATE, COUNTY,
AND MUNICIPAL EMPLOYEES LOCAL 2250

         Defendant - Appellee

and

MARYLAND STATE DEPARTMENT OF EDUCATION;
PRINCE GEORGE'S COUNTY PUBLIC SCHOOLS

         Defendants

## APPEAL FROM A JUDGMENT OF THE
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

### PLAINTIFF-APPELLANT'S  BRIEF ON APPEAL

Charlene Sukari Hardnett
Attorney for Plaintiff-Appellant
804 Pershing Ave. Ste. 110
Silver Spring, MD 20910
(P): 301-587-7001
(F): 301-587-7002
Email: s.hardnett@verizon.net

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Appellant is not a nongovernmental corporate party and the Appellee is a union that is not a publicly held corporation.

# **Table of Contents**

Corporate Disclosure Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Preliminary Statement and Statement of Jurisdiction . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    Point I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
        THE COMPLAINT IS SUFFICIENT TO WITHSTAND
        A MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
          A. Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
          B. The Union as Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
          C. Discrimination in Violation of Title VII . . . . . . . . . . . . . 12
          D. Discrimination Under ADEA . . . . . . . . . . . . . . . . . . . . . 13
          E. Discrimination Under the ADA . . . . . . . . . . . . . . . . . . . . 13
          F. Hostile Work Environment . . . . . . . . . . . . . . . . . . . . . . . 15
          G. Retaliation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
          H. State Law Claim– Intentional Infliction of Emotional
          Distress . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
    Point II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
        IF NECESSARY LEAVE TO AMEND SHOULD HAVE BEEN
        GRANTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## **Table of Authorities**

## CASES

Agosto v. Correctional Officers Benevolent Ass'n, 107 F.Supp.2d 294
(S.D.N.Y.1995), affd., 100 F.3d 944 (2d Cir.1996), cert. denied, 519 U.S. 835
(1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Ayala v. Wolfe, 2013 U.S. App. LEXIS 22897 (4th Cir. 2013) . . . . . . . . . . . . . 20

Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401 (4th Cir. 2013) . . . . . . . 20

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . 10

Causey v. Balog, 162 F.3d 795 (4th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . 15

Dick v. Mercantile-Safe Deposit & Trust, 63 Md.App. 270, 492 A.2d 674 (1985)18

EEOC v. Browning-Ferris, Inc., 262 F. Supp. 2d 577 (D. Md. 2002) . . . . . . . . . 14

Edwards v. City of Goldsboro, 178 F.3d 231 (4th Cir. 1999) . . . . . . . . . . . . 9, 20

Faragher v. City of Boca Raton, 524 U.S. 775 (1998) . . . . . . . . . . . . . . . . . . . . 16

14 Penn Plaza LLC v. Pyett, 556 U.S. 247 (2009) . . . . . . . . . . . . . . . . . . . . . . . 13

Gairola v. Virginia Dep't of General Services, 753 F.2d 1281 (4th Cir. 1985) . . 12

Gantt v. Security USA, 356 F.3d 547 (4th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . 18

Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985) . . . . . . . . . . . . . . . 11

Green v. AFT / Ill. Fedn. of Teachers Local 604, 740 F.3d 1104 (7th Cir. 2014) 11

Hamilton v. Ford Motor Credit Co., 66 Md. App. 46, 502 A.2d 1057 (1986) . . . 18

Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993) . . . . . . . . . . . . . . . . . . . . . 15

Harris v. Jones, 281 Md. 560, 380 A.2d 611 (1977) . . . . . . . . . . . . . . . . . . . . . . . 18

Harrison v. United States Postal Serv., 840 F.2d 1149 (4th Cir. 1988) . . . . . . . . . 9

Hartsell v. Duplex Prods., Inc., 123 F.3d 766 (4th Cir. 1997) . . . . . . . . . . . . . . . 15

Howard v. International Molders and Allied Workers Union, AFL-CIO-CLC, 779
    F.2d 1546 (11th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Keeffe Bros. v. Teamsters Local Union No. 592, 562 F.2d 298 (4th Cir. 1977) . 16

King v. Rumsfeld, 328 F.3d 145 (4th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 12

Kowaleviocz v. Local 333 of Int'l Longshoremen's Ass'n, 942 F.2d 285 (4th Cir.
    1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Leese v. Baltimore County, 64 Md.App. 442, 497 A.2d 159 (1985) . . . . . . . . . . 18

Manikhi v. Mass Transit Admin., 360 Md. 333, 758 A.2d 95 (2000) . . . . . . . . . 18

Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172 (4th Cir.
    2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Maziarka v. Mills Fleet Farm, 245 F.3d 675 (8th Cir. 2001) . . . . . . . . . . . . . . . . 14

Meritor Savings Bank v. Vinson, 477 U.S. 57 (1986) . . . . . . . . . . . . . . . . . . . . . 15

Murray v. Laborers Union Local No. 324, 55 F.3d 1445 (9th Cir. 1995) . . . . . . 17

Mylan Labs, Inc. v. Matkari, 7 F.3d 1130 (4th Cir. 1993) . . . . . . . . . . . . . . . . . . 8

Philips v. Pitt County Mem'l Hosp., 572 F.3d 176 (4th Cir. 2009) . . . . . . . . . . . 8

Ruocchio v. United Transp. Union, Local 60, 181 F.3d 376 (3d Cir. 1999), cert.
    denied, 528 U.S. 1154 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Sadlowski v. United Steelworkers of Am., AFL-CIO-CLC, 645 F.2d 1114, 207

U.S. App. D.C. 189 (D.C. Cir. 1981), rev'd on other grounds, 457 U.S. 102 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

US Airline Pilots Ass'n v. Awappa, LLC, 615 F.3d 312 (4th Cir. 2010) . . . . . 9, 10

United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370 (4th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Workman v. Frito-Lay, Inc., 165 F.3d 460 (6th Cir. 1999) . . . . . . . . . . . . . . . 14

Yott v. North American Rockwell Corp., 602 F.2d 904 (9th Cir. 1979), cert. denied, 445 U.S. 928 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Young v. Hartford Accident & Indemnity Co., 303 Md. 182, 492 A.2d 1270 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Young v. United Parcel Serv., Inc., 707 F.3d 437 (4th Cir. 2013) . . . . . . . . . . . 14

## STATUTES

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

29 U.S.C. § 411, et seq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

29 U.S.C. § 621 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

29 U.S.C. § 623(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

42 U.S.C. § 12102(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

42 U.S.C. § 12112(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

42 U.S.C. § 12131 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

42 U.S.C. § 2000e et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed.R.Civ.P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Fed.R.Civ.P. 15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## **Preliminary Statement and Statement of Jurisdiction**

MARIA KIRALY ("Kiraly" or "Plaintiff" or "Appellant") appeals from a final order of the United States District Court for the District of Maryland at Greenbelt (Deborah K. Chasanow, Chief U. S. District Court Judge), entered on 08/20/2013, which dismissed her amended complaint with prejudice. Notice of appeal was timely filed on September 19, 2013.

Jurisdiction in the district court was predicated upon 28 U.S.C. § 1331. Jurisdiction in this Court is predicated upon 28 U.S.C. § 1291 in that appeal is taken from a final judgment of the district court.

## **Statement of Issues**

Whether the detailed amended complaint states valid claims against the defendant union local under Title VII of the Civil Rights Act of 1964, the Americans with Disability Act ("ADA"), the  Age Discrimination in Employment Act ("ADEA"), including incorporated provisions of the Fair Labor Standards Act ("FLSA"), or a breach of the duty of fair representation.

Whether a party should be permitted to amend a complaint to correct purported deficiencies with respect to a party not named in the initial complaint or the first amended complaint.

-1-

## Statement of the Case

Plaintiff Maria Kiraly commenced this action against her employer only Maryland State Department of Education,  Prince George's County Public Schools ("Public Schools") alleging disparate treatment based on race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"); disparate treatment based on age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"); and failure to accommodate her disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 et seq. ("ADA"). A:1, A:8 *et. seq.*[*]

As permitted by Fed.R.Civ.P. 15(a), prior to any response, Plaintiff amended the complaint, adding her Union, the American Federation of State, County and Municipal Employees ("AFSCME"), AFSCME Local 2250 (the "Union")  as a defendant and asserting additional claims for hostile work environment and retaliation. A-1, A:8 *et seq.*

Public Schools made a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6). A:1, A:8 *et seq.* The Court agreed with its contention that the complaint was insufficient and directed the Plaintiff to file an amended complaint. A:8 *et. seq.* Because the Union had not yet been served, the Court directed the Plaintiff to

---

[*]. Refers to the pages of the Appendix.

show cause why any claim against it should not be dismissed. A:6.

Plaintiff thereafter filed a second amended complaint, which included a state law claim of intentional infliction of emotional distress, together with a waiver of service signed by counsel for the Union. A:32 *et. seq.* Both parties then made a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). A:54 *et. seq.*; A:61 *et. seq.* The Union also contended that the court lacked jurisdiction over it because the complaint really claimed a breach of duty of fair representation, which it contended was not a federal question. A: 59.

The district court summarily rejected the Union's argument concerning a lack of jurisdiction, but otherwise agreed that the complaint was legally insufficient and dismissed. A:73 *et. seq.*The court declined to give Plaintiff a further opportunity to replead. A:80.

Plaintiff has abandoned any claims against Public Schools and has limited this appeal to so much of the judgment as dismisses the complaint against the Union.

**<u>Statement of Facts</u>**

Plaintiff Maria Kiraly is a 71 year old female school bus driver who suffers from Irritable Bowel Syndrome ("IBS"). A: 34. She was hired in 1980 by Public Schools and is a member of Local 2250, the collective bargaining agent that represents approximately 5,500 support employees who work for Public Schools. A:34.

Accordingly to the Second Amended Complaint, in November 2008, experienced a problem and had soiled her undergarments, but was able to clean herself up. A: 35. Plaintiff informed her superiors about her IBS condition. A:35. The story was then circulated around the transportation division that she was carrying her dirty under garments around and showing them to individuals. A:35.

Her supervisor, Mr. Spull, said that Plaintiff had previously "pulled a stunt on him" by pretending to be sick.  A:35-36. He directed her to see a doctor of his choosing and to leave the lot until she did so. A:36. Plaintiff demanded to see her Union representative. A:36.

The Union representative, Angela Thomas, told Plaintiff to do as she was instructed by her supervisor. A:36. The Union did nothing and left the Plaintiff to fend for herself. A:36. Plaintiff went to see her doctor and he cleared her to return to work. She took the note to the Public School's  Human Resources ("HR") office

and the HR office faxed it to Mr. Spruill. A:36. Mr. Spruill informed her that she

could not return to work.  A:36. Plaintiff informed him that she was fit for work

and would only occasionally need accommodations to take restroom breaks. A:36.

Plaintiff returned to the Union seeking assistance and asked them to help

her get back to work. A: 36. The Union did nothing. A:36. When Plaintiff

attempted to return to work she was told that she could not do so and that she had

to leave the bus lot. A: 36. Plaintiff was not paid for these days. A:36. This

affected her income, retirement and benefits. A:36.

At around the same time, Plaintiff reported to work on a run K47, bus

number 8053, a route that she had successfully bid on and received. A: 37. At the

last minute, the newer bus was pulled off the scheduled run and Plaintiff was

assigned to work on an older bus number 4239. A:40. This was not the first time

that Plaintiff bid on, received and was assigned to work on busses that were older

and not safe for the required runs. A:37, 40.

When Plaintiff requested Union representation to secure her bid , she was

screamed at in front of her co-workers and told to "Get Out and Go Home." A:37.

Plaintiff was not allowed to work for two and one half days. A:37. Again, the

Union refused to file a grievance. A:37.

Between December 2008 and March 2009, Defendant assigned Plaintiff to

three buses that were all unsafe to drive. A:40. The lights on the first bus were not working and it was dark and Plaintiff refused to drive the bus with children on it. A: 40. Plaintiff was informed by the mechanic that the second bus had been taken out of commission for repairs. A:40. The third bus was out of fuel, oil and the seat were stuckso far back that Plaintiff could not reach the accelerator. A:40.

On February 10, 2009, Plaintiff was informed that the Union had spoken with Public Schools about the problems that Plaintiff was having with her disability and her age and that papers were being prepared for her to retire. A:38. Plaintiff disputed these actions and refused to retire. A:38.

Plaintiff was placed on leave without pay and forced to use her annual and sick leave from November 2008 to February 2009. A:38. Plaintiff filed a grievance to recoup the leave but the Union did not provide any representation. A:38.

In November 2010, again Plaintiff was yelled at for changing her soiled garments and told that she was old and that her health was in question. A:41, 67. She was told by Mr. Spruill that she should retire. A:41. The implication was that she was too old to work. A:41. She was told to get a Doctor's note or she could not return to work. A:41. Although this violated the collective bargaining agreement, the Union would not file a grievance, telling her that she had to follow management's instructions. A:41.

-6-

On January 4, 2011, Plaintiff was accused of attempting to run over another employee who actually ran in front of Plaintiff s bus while Plaintiff was driving. A:37.  Public Schools threatened to terminate the Plaintiff because of the incident. A:37. Plaintiff had to pay to hire counsel to represent her because the Union declined to provide representation.

On April 6, 2011, Plaintiff was threatened again with termination. A:38. Plaintiff was accused of threatening another driver and taken off her run and forced to work in a different location and in another capacity to maintain her employment. A:38. Plaintiff is approximately 5' 2" in height and weighs130 pounds. A:38. The person who accused the Plaintiff of this infraction is twice her size and weight. A:38.

On many occasions Plaintiff was yelled at and given misinformation to make it appear that because of her age she was incompetent and not capable of doing her job or learning to use the newer equipment. A: 38. Plaintiff was trained on the new equipment and successfully completed the training. A:38. At least one other elderly driver suffered similar incidents, also designed to get him to retire. A:38.

Plaintiff alleges that she actively supported Shirley Adams for union president and that the Board of  Directors of the Union and Adams are at odds

with each other to such an extent that she is a "figurehead" with no real power. A:41-42. She also alleges that the Board of Directors discharged the Executive Director simply for supporting Adams and have declined to give representation to others that have supported Adams. A:42.

## Standard of Review

This court reviews a dismissal for failure to state a claim de novo. *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 179-80 (4th Cir. 2009); *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). This Court "accept[s] as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff." *Philips*, 572 F.3d at 180

"[A] Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. (citation omitted). Furthermore, when as here, a Rule 12(b)(6) motion is testing the sufficiency of a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.'"

-8-

*Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (quoting

*Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)).

A denial of leave to amend a complaint is reviewed for abuse of discretion.

*US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 320 (4th Cir. 2010).

"[L]eave to amend should be denied only when the amendment would be

prejudicial to the opposing party, there has been bad faith on the part of the

moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v.*

*BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). Amendment is futile when

the proposed amended complaint fails to state a claim. *United States ex rel. Wilson*

*v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

## Summary of Argument

Each cause of action in the amended complaint contains sufficient factual

material to "raise a reasonable expectation that discovery will reveal evidence" of

the claims made in the complaint.  Consequently, the complaint should not have

been dismissed.

Moreover, to the extent that the district court found some ambiguity in the

amended complaint, the remedy was amendment, not dismissal. This was

especially so since the complaint had not previously been amended with respect to

the Appellee and sole defendant in the case.

## Argument

## Point I

## THE COMPLAINT IS SUFFICIENT TO WITHSTAND A MOTION TO DISMISS

A. Introduction

"To survive a motion to dismiss, a complaint need not provide 'detailed factual allegations,' but it must 'provide the grounds of [the plaintiff's] entitlement to relief' with 'more than labels and conclusions' and more than 'a formulaic recitation of the elements of a cause of action.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alterations omitted). Ultimately, '[f]actual allegations must . . . raise a right to relief above the speculative level,' and the complaint must offer 'enough fact to raise a reasonable expectation that discovery will reveal evidence' of the alleged activity. *Id*. at 555, 556." *US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d at 317.

So viewed, it is evident that each cause of action in the amended complaint contained sufficient factual material to "raise a reasonable expectation that discovery will reveal evidence" of the claims made in the complaint.

B. The Union as Defendant

The duty of fair representation and the discrimination statutes overlap. Both

-10-

prohibit discrimination and many courts essentially equate the two. Consequently, where a plaintiff claims that a union violated a discrimination statute based on its failure to represent a member, courts generally incorporate the duty of fair representation as one of the elements of the alleged. Thus, a union violates the discrimination statutes when it breaches its duty of fair representation because of a plaintiff's protected status. See *Green v. AFT / Ill. Fedn. of Teachers Local 604*, 740 F.3d 1104 (7th Cir. 2014) (abrogating prior Circuit precedent); *Agosto v. Correctional Officers Benevolent Ass'n*, 107 F.Supp.2d 294, 304 (S.D.N.Y.1995), *affd.*, 100 F.3d 944 (2d Cir.1996), cert. denied, 519 U.S. 835 (1996) (collecting Title VII cases).

A "deliberate choice not to process grievances" can violate Title VII. *Goodman v. Lukens Steel Co.*, 777 F.2d 113, 127 (3d Cir. 1985). Under § 2000e-2(c)(3), a union can be held liable for causing or attempting to cause the employer to discriminate. Some courts have broadened this section in its scope of application to hold a union jointly and severally liable under Title VII for "acquiescing in the discriminatory practices of the employer." See, e.g., *Howard v. International Molders and Allied Workers Union, AFL-CIO-CLC*, 779 F.2d 1546, 1548 (11th Cir. 1986).

We now turn our attention to each cause of action set forth in the complaint.

-11-

C. <u>Discrimination in Violation of Title VII</u>

"Title VII clearly imposes the same duty not to discriminate on a union as it does the employer." *Yott v. North American Rockwell Corp.*, 602 F.2d 904, 909 (9th Cir. 1979), cert. denied, 445 U.S. 928 (1980)

In her second amended complaint, Plaintiff alleges: "Defendant Local 2250 intentionally discriminated against Plaintiff because of her Race, [in] violation of Title VII, by not filing grievances to protest the Defendant Board's actions of threatening Plaintiff with termination on February 17, 2011, March 27, 2009, December 3, 2008, November 18, 2008, April 6, 2010, January 4, 2011, placing the Plaintiff on suspension without pay and preparing retirement forms for the Plaintiff without her consent after she informed Defendant Board of her illness. Other non- White employees were not treated similar[ly] to the Plaintiff."

To establish a prima facie case of discrimination under Title VII, the plaintiff must show: (1) he or she is a member of a protected class; (2) he or she suffered an adverse employment action; (3) at the time of the adverse employment action, he or she was performing at a level that met the employer's legitimate job expectations; and (4) the position was filled by a similarly qualified applicant outside the protected class. *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003); see also *Gairola v. Virginia Dep't of General Services*, 753 F.2d 1281, 1285 (4th

-12-

Cir. 1985) (noting that the elements of a prima facie case of discrimination are the same under Title VII and § 1981).

Considering the detailed factual background set forth in the amended complaint, it is evident that there is a reasonable expectation that discovery will reveal evidence of discrimination and thus a motion for dismissal should be denied.

### D. Discrimination Under ADEA

The ADEA provides, insofar as pertinent, that it is "unlawful for a labor organization . . . to discriminate against, any individual because of his age [or] . . . to cause or attempt to cause an employer to discriminate against an individual in violation of this section."  29 U.S.C. § 623(c).  The Act provides "remedies for the situation where a labor union is less than vigorous in defense of its members' claims of discrimination under the ADEA."  *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 272 (2009).

The facts contained in the complaint show that the Union failed to process grievances for the Plaintiff and actively encouraged her to retire, specifically because of her age. This count of the complaint should stand.

### E. Discrimination Under the ADA

"The ADA prohibits discrimination against 'a qualified individual on the

basis of disability.'" *Young v. United Parcel Serv., Inc.*, 707 F.3d 437, 443 (4th Cir. 2013) (quoting 42 U.S.C. § 12112(a)). To plead a claim of disability discrimination under the ADA, a plaintiff must allege that (1) she had a disability as defined in the ADA; (2) she was a "qualified individual," i.e., able to perform the essential functions of her job with or without reasonable accommodation; and (3) her employer or, in this case, the union, took an adverse action against her on account of her disability. *Id.* See *Craddock v. Lincoln Nat'l Life Ins. Co.*, 533 Fed. Appx. 333 (4th Cir. 2013) (following *Young*).

A reasonable jury could find that the Union regarded Plaintiff as disabled due to her Irritable Bowel Syndrome. See 42 U.S.C. § 12102(2)(B) (defining "major life activity" as including "functions of the . . . bowel"); *Maziarka v. Mills Fleet Farm*, 245 F.3d 675, 680 (8th Cir. 2001) *Workman v. Frito-Lay, Inc.*, 165 F.3d 460, 467 (6th Cir. 1999); *Simmons v. N.Y.C. Transit Auth.*, 340 Fed. Appx. 24, 26 (2d Cir. 2009); *EEOC v. Browning-Ferris, Inc.*, 262 F. Supp. 2d 577, 583 (D. Md. 2002).

Factors (2) and (3) are fully alleged in the complaint with detailed facts. The facts show that the Plaintiff was qualified for her job and the Union took adverse action against her by, among other things, refusing to process grievances for her. There was no basis to dismiss this count of the complaint.

-14-

F. Hostile Work Environment

To state a claim for hostile work environment, a plaintiff must show that (1) the harassment was unwelcome; (2) the harassment was based on her age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; (4) there is some basis for imposing liability based upon the Union's encouragement of such harassment. See *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998) (citing *Hartsell v. Duplex Prods., Inc*., 123 F.3d 766, 772 (4th Cir. 1997)).

In order to establish a hostile environment claim, the plaintiff must show that "but for" his age or disability, she would not have been the victim of the alleged discrimination. *Id*. Furthermore, the harassing conduct must be sufficiently severe or pervasive to alter the terms, conditions, or privileges of plaintiff's employment and create an abusive working environment. *Meritor Savings Bank v. Vinson*, 477 U.S. 57 (1986). The Supreme Court has explained that a plaintiff seeking to recover on a hostile environment theory must demonstrate that a reasonable person would find the work environment hostile or abusive. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 370, 126 L. Ed. 2d 295 (1993).

There are several factors to consider when determining if the conduct was

severe or pervasive: (1) the frequency of the conduct; (2) whether it is physically threatening or a mere offensive utterance; and (3) whether it unreasonably interferes with the plaintiff's job performance. See *Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998).

Once again, all of the necessary elements are alleged and supported by a detailed factual recitation. The conduct included encouragement of claiming that the Plaintiff soiled her undergarments and carried them around with her. There was taunting and requiring Plaintiff to use unsafe equipment. Despite the Plaintiff's demands, the Union did nothing. This count of the complaint should stand.

G. Retaliation

Subchapter II of the LMRDA, 29 U.S.C. § 411, *et seq*. entitled  the Bill of Rights of Members of Labor Organizations, guarantees union members "right to free speech," *Keeffe Bros. v. Teamsters Local Union No. 592*, 562 F.2d 298, 304 (4th Cir. 1977), and to "procedural due process," *Kowaleviocz v. Local 333 of Int'l Longshoremen's Ass'n*, 942 F.2d 285, 288 (4th Cir. 1991). These rights are protected from abuse by unions pursuant to the statutory authority of the LMRDA, so the claims of retaliation and denial of due process at issue here do not require "state action" as do such claims raised directly under the United States

-16-

Constitution. *Sadlowski v. United Steelworkers of Am., AFL-CIO-CLC*, 645 F.2d 1114, 1122, 207 U.S. App. D.C. 189 (D.C. Cir. 1981) ("[T]the Bill of Rights guarantees of the LMRDA are not limited to situations involving 'state action.'"), rev'd on other grounds, 457 U.S. 102 (1982).

Plaintiff alleges that she actively supported Shirley Adams for union president and that the Board of Directors of the Union and Adams are at odds with each other to such an extent that she is a "figurehead" with no real power. She also alleges that the Board of Directors discharged the Executive Director simply for supporting Adams and have declined to give representation to others that have supported Adams.

Cases such as *Ruocchio v. United Transp. Union, Local 60*, 181 F.3d 376, 383 (3d Cir. 1999) (allowing a LMRDA claim to proceed where charges were filed against the plaintiff in retaliation for his support of alternative candidates in union elections, even though the charges were later dropped), cert. denied, 528 U.S. 1154 (2000) and *Murray v. Laborers Union Local No. 324*, 55 F.3d 1445, 1452 (9th Cir. 1995) (finding union member's § 411(a)(2) free speech rights infringed by union actions that were part of a scheme to suppress dissent within the union) show that Plaintiff's claims are viable.

Again, the complaint sets forth specific facts showing that Plaintiff's

-17-

allegations are not mere conclusions and have substance. This count of the complaint should stand.

H. State Law Claim– Intentional Infliction of Emotional Distress

Under Maryland law, a claim of intentional infliction of emotional distress has four elements: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe. *Manikhi v. Mass Transit Admin*., 360 Md. 333, 758 A.2d 95, 113 (2000) (quoting *Harris v. Jones*, 281 Md. 560, 380 A.2d 611, 614 (1977)); see *Gantt v. Security USA*, 356 F.3d 547, 552 (4th Cir. 2004)

"In determining whether conduct is extreme and outrageous, it should not be considered in a sterile setting detached from the surroundings in which it occurred." *Leese v. Baltimore County*, 64 Md.App. 442, 469, 497 A.2d 159 (1985). Extreme and outrageous conduct exists if the average member of the community must regard the defendant's conduct as being a complete denial of the plaintiff's dignity as a person. *Leese* at 469, 497 A.2d 159 (citing *Dick v. Mercantile-Safe Deposit & Trust*, 63 Md.App. 270, 492 A.2d 674 (1985); see *Hamilton v. Ford Motor Credit Co.*, 66 Md. App. 46, 502 A.2d 1057, 1064 (1986) (to be extreme and outrageous, conduct must "strike to the very core of one's

-18-

being, threatening to shatter the frame upon which one's emotional fabric is hung"; conduct that is "rude, insensitive, callous, and in poor taste" does not suffice).

Although the question is close, the allegations in the complaint are sufficient to bring this case within the holding of *Young v. Hartford Accident & Indemnity Co.*, 303 Md. 182, 492 A.2d 1270 (1985). In that case the worker's compensation insurer's "sole purpose" in insisting that claimant submit to psychiatric examination was to harass her and force her to abandon her claim or to commit suicide.

So, too, here the entire course of conduct, the issues with the Plaintiff's undergarments, the constant harassment, certainly comes up to the line. Whether or not the line has been crossed cannot be determined at this juncture. Rather, it must await further discovery. The allegations of the complaint are sufficient to show that a cause of action is established.

## Point II

## IF NECESSARY LEAVE TO AMEND SHOULD HAVE BEEN GRANTED

Although this Court reviews a decision to deny permission to amend a pleading for abuse of discretion, ""'"leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."'" *Ayala v. Wolfe*, 2013 U.S. App. LEXIS 22897 (4th Cir. 2013) (quoting *Balas v. Huntington Ingalls Indus., Inc*., 711 F.3d 401, 409 (4th Cir. 2013), which in turn quotes *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)).

The district court believed that Plaintiff had valid claims but denied leave to amend because it would be the third amendment. This was a clear error of fact. Plaintiff had withdrawn any claims against Public Schools, so, actually it would have been the first amendment with respect to the Union.

More important, one of the reasons that the district court gave for dismissal was that there was some confusion as to which acts were charged against which defendant. Since that would be easily clarified in an amended complaint, it was an abuse of discretion to deny leave to amend. There was no bad faith or prejudice and the district court did not, and could not find that amendment would be futile and thus no basis to deny permission for a further amended complaint.

-20-

## **Conclusion**

The complaint, liberally read as it must be at this stage, is sufficient to withstand a motion to dismiss. There are sufficient facts alleged to show that the claims made are plausible. In any event, since any of the alleged deficiencies could have been cleared up by an amended complaint, leave to do so should have been granted.

Dated: March 24, 2014

Respectfully submitted,

/s/ Charlene Sukari Hardnett
Attorney for Plaintiff-Appellant
804 Pershing Ave. Ste. 110
Silver Spring, MD 20910
(P): 301-587-7001
(F): 301-587-7002
Email: s.hardnett@verizon.net

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or  32(a)(7)(B) because it is less than 35 pages and contains 5, 109 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because: this brief has been prepared in a proportionally spaced typeface using Word Perfect x6 in 14 point Times New Roman Type.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 7, 2014, the foregoing document was served on all parties or their counsel of record through the CM/ECF system as they are registered users.


/s/  Charlene Sukari Hardnett

-23-